Rufus Goss *v.* Ara E. Whitney, *Apt.*

*Sunday contract.*

If a promissory note is signed, and absolutely and unconditionally delivered to the payee, or his agent, on Sunday, it is invalid, and no recovery can be had upon it, unless there be a subsequent promise to pay it.

Assumpsit upon a promissory note, dated September 30th, 1849, payable to Franklin B. Goss or bearer. Plea, the general issue; trial by jury, March Term, 1854,— Pierpoint, J., presiding.

The defendant's evidence tended to prove that on the day of the date of the note, which was Sunday, one Benjamin N. Whitney, a brother of the defendant, and Franklin B. Goss, the payee of the note, had some conversation relative to the settlement of a claim said Goss had against the said Benjamin, and that Goss wrote the note

in question, and told the said Benjamin that if he would get the defendant to sign it, and leave it with one Rufus Towle, that day, so that said Goss could get it that night, it should be a discharge of said claim; that thereupon said Benjamin did procure the defendant to sign it and left it with said Towle, for said Goss, that afternoon.

The plaintiff's evidence tended to prove that the said Goss did not call for said note until the following day, when at the requirement of said Towle he signed and left with him a receipt in full for his claim against the said Benjamin, and that thereupon Towle delivered to him said note, and that upon a subsequent day, not Sunday, the plaintiff promised to pay the note, and that the said Benjamin N. Whitney, at the time he left the note with Towle, directed him to require from Goss a discharge of his claim, as a condition for receiving the note. The defendant's testimony tended to show that no such directions were given.

The court charged the jury that if they found that the note was made and delivered on Sunday, so that it would have been a valid irrevocable obligation, if made on any other day, the plaintiff was not entitled to recover, unless the defendant had afterwards ratified the contract; that if they found that F. B. Goss wrote the note on Sunday, gave it to B. N. Whitney and told him to get the defendant to sign it, and deliver it that day to Towle, so that he could get it that day, and that B. N. Whitney did procure the defendant to sign the note and deliver it that day to Towle, (unconditionally) for F. B. Goss, that the note was made, signed and delivered on Sunday. But as the note was signed by the defendant for B. N. Whitney, and to pay his debt, and by the defendant delivered to B. N. Whitney, the note was not a perfect contract in the hands of B. N. Whitney, and he had a right to impose any conditions upon its delivery that he thought proper; and if B. N. Whitney, when he delivered the note to Towle, imposed any conditions, or gave any directions to Towle, that restricted him in any manner relative to the delivery of the note to Goss by Towle, the note would not be delivered by B. N. Whitney until received by Goss on Monday, and would be a valid note, and the plaintiff entitled to recover. But that if they found that the defendant, after Goss received the note, acknowledged the note as a subsisting obli-

Root & Tomlinson v. Barnes, Trustee.

gation, and promised to pay it, they should find for the plaintiff to recover the note. To this charge the plaintiff excepted. The jury returned a verdict for the defendant.

*E. June* and *E. N. Briggs*, for the plaintiff.

*A. A. Nicholson*, for the defendant.

The opinion of the court was delivered by

BENNETT, J.   Under the charge of the court, it must be assumed that the jury found that the note in question, was not only signed upon the Sabbath, but that it was absolutely and unconditionally delivered to Goss on the same Sabbath day, or to his agent, which is the same thing in legal effect. The case shows that evidence was given tending to prove such to have been the fact.

The jury were correctly instructed that if the note was not delivered until Monday, or if delivered on the Sabbath, and there was a subsequent promise to pay it, their verdict should be for the plaintiff. If the plaintiff has been wrongfully cast in the suit, it would seem to have been the fault of the jury, against which we cannot relieve.

Judgment affirmed.