Hamilton *v.* Gridley.

[ONONDAGA GENERAL TERM, June 30, 1868. *Foster, Mullin* and *Morgan,* Justices.]

---

## HAMILTON *vs.* GRIDLEY.

If the vendee, subsequently to the execution of a written contract, which is declared void by the statutes of Pennsylvania, for being made on Sunday, demand, on a week day, a conveyance of the property and receives the same, promising to pay the purchase price, a new and valid contract arises between the parties, which entitles the vendor to an action to enforce payment.

And where the plaintiff, in such a case, counted upon the contract as being in writing, but was allowed on the trial, without objection, to prove the subsequent conveyance and a parol promise to pay; *Held* that the variance might be disregarded under the provisions of the Code of Procedure.

APPEAL from a judgment entered upon the report of referee, in favor of the plaintiff, for $1329.64 damages and costs.

The complaint alleged that on the 20th of August, 1865, the defendant entered into an agreement, in consideration of certain undertakings and agreements on the part of the plaintiff therein expressed, to pay him, the plaintiff, the sum of $1000, as follows: $500 on or before the expiration of 30 days; the remainder on or before the expiration of 60 days; all of which would appear more fully by reference to said agreement in the plaintiff's hands, to which the plaintiff referred.

The defendant, after denying generally the allegations of the complaint, averred, among other defenses not necessary to notice, that the contract in question was made in Pennsylvania, and that it was made on Sunday, and was therefore void by the laws of Pennsylvania.

Hamilton *v.* Gridley.

The following facts, among others, were found by the referee: (1.) On the 27th of August, 1865, the parties made a written agreement, wherein the plaintiff agreed to convey to the defendant, on or before the 26th of October, 1865, an undivided one thirty-second interest in the farm, and 28 leasehold making interest in well No. 16 on Pithole creek, Pennsylvania; and in consideration thereof, the defendant agreed to pay the plaintiff $1000, as follows: $500 on or before 30 days from the 26th of August, 1865, and the remaining $500 on or before 60 days thereafter. That the 27th of August, 1865, was Sunday, and by the laws of Pennsylvania, any person "who shall do or perform any worldly business or employment on the Lord's day, shall be subject to a fine," &c. That subsequently, on the 1st of February, 1866, the defendant requested the plaintiff to fulfill his contract, and the plaintiff thereupon made a conveyance of his interest in said land as described in the contract, and delivered it to the defendant, who accepted the same and promised to pay the $1000 in consideration thereof.

The referee found, as a conclusion of law, that the plaintiff was entitled to recover.

The right of the plaintiff to recover was resisted by the defendant by a motion to nonsuit the plaintiff. The defendant also took certain exceptions to the rulings of the referee. The referee found, as an independent proposition, that the subsequent acts of the parties constituted an affirmation and re-execution of the contract, which gave it the same effect as though originally valid. To this decision the defendant excepted.

The defendant's counsel asked the referee to rule that as the action was predicated on the original contract, it could not be sustained on the theory of a new contract, on account of a variance between the proof and complaint. The referee refused to rule this point in favor of the defendant, and there was an exception.

*Wm. J. Wallace*, for the appellant. I. The contract being for the sale and purchase of land in Pennsylvania, its validity is to be determined by the *lex rei sitæ*, or law of that state. So the referee properly decided; and he also found, both as matter of law and fact, that according to Pennsylvania law the contract was illegal and void. So far the referee was clearly right. (6 *Watts*, 231. 4 *Serg. & Rawle*, 150. 27 *Penn. R.* 90.)

II. A contract which is contrary to public law and policy, and void on that ground, is entirely incapable of ratification. It is absolutely impossible to give such a contract life or vitality. The parties may carry such a contract into actual execution by their own acts, and when they do so they can no more maintain a suit to rescind it than they can to enforce its performance before the actual execution of its provisions. The law will have nothing to do with it. The maxims, "*in defendentis pari est conditio, delicto potior*," and "*ex dolo malo non oritur actio*," apply to such a case. Regarding this action *as upon the contract*, these maxims and the settled rule of law are absolutely fatal to it. (*Broom's Legal Max.* 565, 572, 576. *Nellis* v. *Clark*, 20 *Wend.* 24. *Story's Eq. Jur.* 360. 16 *N. Y. Rep.* 508. 11 *Ala. R.* 885. 14 *N. H. Rep.* 133. 9 *Ala. R.* 198.)

III. The question as to what the action is founded upon can only be answered by looking at the complaint. It is distinctly and precisely on the illegal contract. It cannot be maintained, unless it be adjudged that a suit will lie on the contract. Moreover, the decision of the referee is founded on the contract, and purports to enforce one of its unexecuted provisions. He holds, as matter of law, that the contract was capable of ratification, and was ratified. This was erroneous, because the law will not thus frustrate its own policy. A contract made on Sunday, but ratified on Monday, is still a contract made on Sunday, and is still forbidden and unlawful. To say that a contract

is good by ratification, is simply to say that it is good and valid. (*Cases supra.*)

IV. Grant that the plaintiff might have amended, with a view to recover upon another and new contract; he did not even propose to do this.

V. If the transaction of Feb. 1st, 1866, might be open to the inquiry whether a new and original agreement was not then made, such an inquiry can only be entertained under a complaint alleging such an agreement, and seeking to recover upon it. Doubtless this question of fact (for such it is) might have been reached by an amendment. But the plaintiff did not, and would not, proceed in this manner. The issue was formed distinctly by the complaint setting forth a written contract, alleging performance on his part, and claiming performance from the defendant, and by an answer averring that such a contract was made on Sunday, and was illegal and void, and that issue being explicitly found in the defendant's favor, the judgment against him is erroneous. On this appeal an amendment cannot be allowed which was not even offered at the trial. If, indeed, there is a question whether the defendant did not make some new and lawful agreement by which he is bound, he is entitled at least to a trial of that question, because it has not yet been tried, and could not be as the issue was formed.

*G. N. Kennedy*, for the respondent. I. The execution, delivery and acceptance of the deed by the defendant, subsequent to the execution of the contract, amounted to an affirmance or re-execution of it, and rendered the same binding and obligatory upon the parties.

By the agreement the payment of the money was made a condition precedent to the execution of the deed. The statute of Vermont provides, like the statute of Pennsylvania, that all contracts made on Sunday shall be *void*. (*Compiled Statutes of Vermont*, 502, § 1.)

The question as to the effect of acts amounting to a ratification of such a contract, subsequently, was considered and decided in the case of *Adams* v. *Gray*, (4 *Wash.* 358,) where the court, among other things, hold "that contracts made on Sunday are not tainted *with any general illegality*, but are illegal only as to the time they are entered into," &c. "And in all cases of contract entered into on Sunday, if either party has done any thing in execution of the contract, it is competent for him, on another day, to, demand of the other party a return of the thing delivered, and if the other party refuse, the original contract becomes thereby affirmed, and the same rights and liabilities are induced as if the contract had been made on the latter day." Again, the court say this is an indispensable exception to the general rule in regard to illegal contracts, in order to secure parties from frauds and overreaching. (*Gross* v. *Whitney*, 1 *Will.* 272.)

Under the statute of New Hampshire, which is somewhat similar to that of Pennsylvania, it was held in *Clough* v. *Davis* (9 *N. H. Rep.* 500) that a note made on Sunday was void, but that a subsequent promise to pay, by the maker, was a ratification of the note, and the payee was entitled to recover thereon. A promissory note made on Sunday is good in the hands of a bona fide holder. (*State Bank* v. *Thompson*, 42 *N. H. Rep.* 369.) A promissory note made on Sunday is void where no subsequent ratification is shown. (*Bodey* v. *McAllister*, 13 *Ind. R.* 565. *Statutes of Indiana, vol.* 2, *p.* 481. *Sherman* v. *Sherman*, 27 *Penn. R.* 90.) A bond executed on Sunday is evidence as an admission of a debt. (*Webber* v. *Samuel*, 7 *Barr*, 499.) A bond executed on Sunday and delivered on Monday, is good. (2 *id.* 448.)

II. The bill of exceptions shows that a deed of the land was duly executed and delivered by the plaintiff to the defendant, and the defendant, on the 18th day of February, 1866, in consideration thereof, promised to pay the

Hamilton *v.* Gridley.

plaintiff the $1000 as provided in the contract. On these facts the plaintiff was entitled to recover, without reference to the precise nature of the pleadings. (*Code*, §§ 169, 170.)

III. This being a bill of exceptions, it is presumed that there was evidence sufficient to authorize the finding of facts by the referee.

MORGAN, J. It is conceded that by the laws of Pennsylvania, and under the decisions of the courts in that state, the original agreement between the parties was void, and could not be enforced, it having been executed on Sunday. But the defendant resists the recovery in this action upon the grounds, (1.) That such a contract is incapable of ratification by a subsequent parol agreement to perform it; and (2.) If it is capable of ratification, then the complaint should count upon the new agreement, and not upon the original contract.

It is certain that the recovery in this case depends upon the transaction of the 1st of February, 1866, when the defendant required and obtained from the plaintiff a conveyance of the property, and actually agreed to pay him for it $1000, the consideration price mentioned in the original written contract. This was not in strict compliance with the written contract, as the time had already elapsed when the conveyance was to be executed and the consideration paid.

But, without doubt, it was competent for the parties to waive these conditions, and enter into a new arrangement, which would impose upon both parties the obligations assumed by them in the original contract. This was effectually accomplished so as to bind the defendant, when he afterwards accepted the conveyance and assumed to pay the consideration.

In *Grass* v. *Whitney*, (27 *Vt. Rep.* 272,) it was ruled that although a note is made and delivered on Sunday, and

therefore void; yet a promise to pay it on a subsequent day is good, and may be enforced. (*And see Adams* v. *Gay,* 19 *Vt. Rep.* 358.)

Such a contract, though made on Sunday, is not void at common law, (*Sherman* v. *Sherman,* 27 *Penn. Rep.* 90;) and being made void by operation of the statute, it is capable of subsequent ratification. Under the English statute, which is similar to the Pennsylvania statute, it was held in *Williams* v. *Paul,* (6 *Bing.* 653,) that where the defendant, who had bought some cattle of the plaintiff, a drover, on a Sunday, kept them and afterwards promised payment, he was liable on a *quantum meruit.*

The rule is laid down in the elementary books as follows: " If the owner subsequently to the void sale demands on a week day either the goods or the price, and the intended purchaser then promises to pay for them, a new and valid contract of purchase and sale arises between the parties, which may be enforced by action." (*Addison on Cont.* 112.)

The only other question raised by the defendant's exception which deserves attention is, that the action is founded upon the original void contract and not upon the subsequent agreement to carry it into effect.

By referring to the printed case it will be seen that the plaintiff proved, without objection, the original contract purporting to be made on the 25th of August instead of Sunday the 26th, and followed it up by reading in evidence the conveyance which that contract called for, except that it bore date February 1, 1866; and then the plaintiff testified, without objection, to the subsequent agreement on the part of the defendant to pay the $1000 on the first of April, 1865.

By the provision of the Code of Procedure, sections 169, 171, 172, and 173, variances between the allegations of the complaint and the evidence are of no great importance; and the objection, to be available, should be distinctly made at the trial. Even under the former system of plead-

ings and practice, it was decided that the proper time to object to evidence on account of variance, is when it is offered on the trial. If the question had been raised upon the trial, when the evidence was offered to prove a subsequent agreement, not set out in the complaint, similar to the original contract, no doubt it would have been competent for the referee either to allow an amendment of the complaint, or if his power to do that is denied, he could have adjourned the trial to give the plaintiff an opportunity to apply to the court for that purpose.

Now I think when there is no pretense that the defendant was misled to his prejudice, the referee was right in disregarding the variance, and if necessary the court will, even after judgment, conform the pleadings to the facts proved.

The objection, in this case, was not to the evidence of a new agreement, substantially repeating the original agreement set out in the complaint, but after the evidence was all in, the defendant objected that no recovery could be had upon the new agreement, it not having been counted on in the complaint. In my opinion this objection came too late. To be available at that stage of the action, it must appear that the cause of action is unproved in its entire scope and meaning. (*Code of Procedure,* § 171.) This is not such a case.

As the final conclusion of the referee was right, it is not important that we should hold, with him, that the subsequent transaction between the parties constituted an affirmance or a re-execution of the original contract so as to make the orignal contract valid. It is enough to say that the new agreement was valid and binding upon the defendant, and that no objection was taken to proof of it on the trial. Both agreements were substantially the same, and if the plaintiff had not substantially averred that it was in writing, there would be no plausible grounds for saying that it was even a case of variance.

The motion for a new trial should be denied, and the judgment affirmed.

FOSTER, J., concurred.

MULLIN, J., dissented, on the ground that the action should have been upon the subsequent agreement.

Judgment affirmed.

[ONONDAGA GENERAL TERM, June 30, 1868. *Foster*, *Mullin* and *Morgan*, Justices.]